By the Court.
 

 The additional allegations relating to abuse of discretion summarized are that the Industrial Commission willfully ignored the testimony of a physician called on -«behalf of the claimant and of another physician who testified on behalf of the commission, and arbitrarily chose January 23, 1930, the date of the first alleged “injury,” without regard to medical facts and testimony. Considered in the most favorable light for the relatrix, the averred testimony contributes nothing to establish abuse of discretion. The second amended petition contains the identical allegations of the original petition that the four accidental exposures proximately caused decedent’s death. In adopting the date of the first alleged injury instead of the last or an intermediate date, the Industrial Commission cannot be charged with an abuse of discretion or failure to perform a duty imposed by law.
 

 Section 1465-82, General Code, fixes, “eight years after the date of
 
 the injury”
 
 as the maximum period for the payment of compensation for death. (Italics ours.)
 

 In view of the express language of that section the Industrial Commission was not required to adopt either the date of disability or the date of the “last injury,” as urged by the relatrix, in determining the time from which the eight-year limitation ran.
 

 The demurrer will be sustained and a writ of mandamus will be denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.